IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-254-D
No. 5:10-CV-590-D

| | |
|---|---|
| RENATO JAY SCANTLEBURY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On December 28, 2010, Renato Jay Scantlebury ("petitioner" or "Scantlebury") filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 [D.E. 48], along with a supporting memorandum [D.E. 49]. On May 23, 2011, the government moved to dismiss Scantlebury's motion [D.E. 55]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Scantlebury about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 57]. On October 6, 2011, having obtained three extensions of time [D.E. 58–65], Scantlebury responded in opposition to the motion to dismiss [D.E. 66]. On February 16, 2012, Scantlebury filed a motion for disposition [D.E. 67]. On May 18, 2012, Scantlebury filed a motion to supplement and expedite [D.E. 69]. On June 20, 2012, Scantlebury filed a motion to defer payments [D.E. 70]. On July 23, 2012, Scantlebury filed a motion for writ of mandamus [D.E. 71]. As explained below, the court grants the government's motion to dismiss.

I.

On January 6, 2010, a grand jury returned a three-count superseding indictment that charged Scantlebury with using counterfeit access devices, in violation of 18 U.S.C. § 1029(a)(5), and two

counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) [D.E. 22]. On March 12, 2010, Scantlebury pleaded guilty, pursuant to a written plea agreement, to using counterfeit access devices (count one) and aggravated identity theft (count two) [D.E. 34–35]. On September 8, 2010, the court sentenced Scantlebury to 30 months' imprisonment for count one and a consecutive term of 24 months' imprisonment for count two, for a total term of 54 months' imprisonment [D.E. 45–46]. The court also ordered Scantlebury to pay a special assessment of $200 and restitution in the amount of $62,216.02. Id. Scantlebury did not appeal his conviction or sentence. On December 28, 2010, Scantlebury filed a motion to vacate his sentence under 28 U.S.C. § 2255 [D.E. 48].

Scantlebury makes four arguments in support of his section 2255 motion. First, Scantlebury contends that he received ineffective assistance of counsel in violation of the Sixth Amendment when counsel negotiated a plea agreement that required Scantlebury to plead guilty to an offense of which Scantlebury is actually innocent. Mot. Vacate 4; see Pet.'s Mem. Supp. Mot. Vacate 5–6. Second, Scantlebury argues that he received ineffective assistance of counsel in violation of the Sixth Amendment when counsel failed to research the facts of Scantlebury's case and the pertinent legal issues before advising Scantlebury to plead guilty. Mot. Vacate 5; see Pet.'s Mem. Supp. Mot. Vacate 7–9. Third, Scantlebury contends that he received ineffective assistance of counsel in violation of the Sixth Amendment when counsel failed to advise him of his right to appeal his conviction or sentence. Mot. Vacate 7; see Pet.'s Mem. Supp. Mot. Vacate 9–11. Finally, Scantlebury argues that he is actually innocent of violating section 1028A. Mot. Vacate 8; see Pet.'s Mem. Supp. Mot. Vacate 12–13.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," tests whether the complaint is legally and factually

2

sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–78. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

Scantlebury asserts claims of ineffective assistance of counsel. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 130 S. Ct. 13, 16 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of

3

reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Hill v. Lockhart, 474 U.S. 52, 57–58 (1985); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc).

Scantlebury also asserts a claim of actual innocence. "To establish actual innocence, [a defendant] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (quotations omitted). When a defendant did not argue actual innocence on direct appeal, he may not do so in support of a section 2255 motion unless he can show by clear and convincing evidence that he is factually innocent of the offense for which he was convicted. See United States v. Pettiford, 612 F.3d 270, 282 (4th Cir. 2010). "[T]his standard is not satisfied by a showing that a [defendant] is legally, but not factually, innocent." Id. (quotation omitted); see Bousley, 523 U.S. at 623 ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.").

Scantlebury's first two claims are closely related, and the court addresses them together. Scantlebury contends that counsel "fail[ed] to familiarize himself with current law" and advise him that, pursuant to the Supreme Court's decision in Flores-Figueroa v. United States, 556 U.S. 646 (2009), that a jury might find him not guilty of violating section 1028A if he pleaded not guilty and proceeded to trial. See Mot. Vacate 4–5; Pet.'s Mem. Supp. Mot. Vacate 5–9; Pet.'s Mem. Opp'n Mot. Dismiss [D.E. 66] 4–5. In Flores-Figueroa, the Supreme Court held that, for a defendant to be guilty of aggravated identity theft in violation of section 1028A, the government must prove beyond a reasonable doubt that "the defendant knew that the 'means of identification' he or she unlawfully transferred, possessed, or used, in fact, belonged to 'another person.'" 556 U.S. at 647 (emphasis omitted); see 18 U.S.C. § 1028A(a)(1). Scantlebury then asserts that his "[c]ounsel was aware that [Scantlebury]'s theft of identity was not that of a real person, but fabricated, and that [Scantlebury]

4

had no knowledge whether the means of identification he possessed, in fact, belonged to another person." Pet.'s Mem. Supp. Mot. Vacate 8.

Scantlebury asserts that "neither the plea agreement, nor anything else in the record, establishes that [Scantlebury] knew that the identification he possessed actually belonged to another person/individual." Pet.'s Mem. Supp. Mot. Vacate 13. The presentence report ("PSR"), however, belies Scantlebury's assertion. The PSR specifically states that Scantlebury "obtained legitimate credit card numbers from an unknown source" and "then re-encoded credit cards, under various alias[es], . . . with the legitimate credit card numbers." PSR ¶ 7; cf. Fed. R. Crim. P. 32(i)(3)(A) ("At sentencing, the court may accept any undisputed portion of the presentence report as a finding of fact."). By definition, a real person owns a legitimate credit card. The plea agreement also supports this conclusion and the conclusion that Scantlebury knew that the means of identification he actually possessed belonged to another person. See Plea Agreement 3–4 (describing elements of offense). Thus, Scantlebury fails to demonstrate either that counsel's performance fell below an objective standard of reasonableness, or that he was prejudiced by counsel's performance. See, e.g., United States v. Smith, 416 F. App'x 416, 419–20 (5th Cir. 2011) (per curiam) (unpublished); United States v. Agyepong, 388 F. App'x 343, 346 (4th Cir. 2010) (per curiam) (unpublished); United States v. Gomez-Castro, 605 F.3d 1245, 1249 (11th Cir. 2010). Moreover, the court has considered the two cases attached to Scantlebury's motion to supplement [D.E. 69] and finds that they do not alter this conclusion. Unlike here, the court in those two cases found that there was no evidence that the defendants knew they had stolen the means of identification of an actual person. See De La Rosa v. United States, No. 09-Cv-22646-COHN, 08-Cr-20685-COHN, 2010 U.S. Dist. LEXIS 109464 (S.D. Fla. Sept. 7, 2010) (unpublished); Marshall v. United States, No. 3:10cv519, 3:07cr283, 2010 U.S. Dist. LEXIS 136288 (W.D.N.C. July 5, 2010) (unpublished).

Alternatively, Scantlebury's guilty plea to each element of section 1028A(a)(1) bars his claim. See, e.g., Blackledge v. Allison, 431 U.S. 63, 73–74 (1977); United States v. Lemaster, 403 F.3d 216, 220–22 (4th Cir. 2005); Akesode v. United States, 677 F. Supp. 2d 703, 705 (S.D.N.Y. 2009). Therefore, Scantlebury's first and second arguments in support of his section 2255 motion fail.

Next, Scantlebury argues that counsel failed to advise him of his right to appeal when Scantlebury pleaded guilty. See Mot. Vacate 7–8. "[A]n attorney must consult with a defendant [about his right to file a notice of appeal] when there is reason to believe that either (1) a rational defendant would want to appeal or (2) the defendant reasonably demonstrated to his attorney that he was interested in appealing." United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007); see Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). Thus, to satisfy Strickland's performance prong in a claim of ineffective assistance of counsel based on counsel's alleged failure to advise a defendant of appellate rights, a defendant must plausibly allege at least one of these two scenarios. See Flores-Ortega, 528 U.S. at 480. In determining whether a rational defendant, who pleaded guilty, would want to appeal, the court considers "whether the defendant received the sentence bargained for as part of [a] plea [agreement] and whether the plea [agreement] expressly reserved or waived appeal rights." Poindexter, 492 F.3d at 268 (quotation omitted); see Flores-Ortega, 528 U.S. at 480. Accordingly, when the defendant does not express to his attorney a desire to appeal, enters into a plea agreement containing an appellate waiver, and receives the sentence bargained for, the Sixth Amendment generally does not require the attorney to advise the defendant of his appellate rights. See United States v. Cooper, 617 F.3d 307, 313–15 (4th Cir. 2010). In light of the appellate waiver and the government's compliance with the plea agreement, and the evidence establishing Scantlebury's guilt as to each element of section 1028A(a)(1), a rational defendant in Scantlebury's

position would not have wished to appeal his conviction or sentence.

Scantlebury also does not contend that he asked counsel to file a notice of appeal. See, e.g., Mot. Vacate 7; Pet.'s Mem. Supp. Mot. Vacate 9–11. Thus, Scantlebury fails to demonstrate the second scenario set forth in Flores-Ortega. Accordingly, counsel was not constitutionally obligated to discuss with Scantlebury the possibility of filing a notice of appeal and Scantlebury's third argument fails. See Flores-Ortega, 528 U.S. at 480; Cooper, 617 F.3d at 313–15; Poindexter, 492 F.3d at 268.

Finally, Scantlebury argues that he is actually innocent of violating section 1028A(a)(1). The plea agreement, however, forecloses this argument. See Plea Agreement 1–2; United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993); see also Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Dungee, 228 F. App'x 298, 303 (4th Cir. 2007) (per curiam) (unpublished); United States v. Pickens, 201 F. App'x 143, 145 (4th Cir. 2006) (per curiam) (unpublished). Alternatively, because Scantlebury did not seek to assert his claim of actual innocence on direct appeal, he is procedurally barred from doing so now. See Bousley, 523 U.S. at 621; United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); see also United States v. Aparicio, No. 5:08-cr-00005-7, Civil Action No. 5:10-cv-80221, 2010 WL 4156472, at *6–7 (W.D. Va. Oct. 21, 2010) (unpublished). Moreover, Scantlebury has not shown by clear and convincing evidence "that a miscarriage of justice [will] result from the refusal of the court to entertain the collateral attack." Mikalajunas, 186 F.3d at 493. Thus, Scantlebury's final argument fails.

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Scantlebury's

7

claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Therefore, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 55], and DISMISSES, and in the alternative DENIES, petitioner's motion to vacate, set aside, or correct his sentence [D.E. 48]. The court DENIES a certificate of appealability. The court GRANTS petitioner's motions for disposition and to supplement and expedite the petition [D.E. 67, 69]. Petitioner's motion to defer payments [D.E. 70] lacks merit and is DENIED. The court DENIES petitioner's motion for writ of mandamus [D.E. 71]. The Clerk of Court shall close the case.

SO ORDERED. This 30 day of October 2012.

JAMES C. DEVER III
Chief United States District Judge